PUBLISHED

*VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **22nd** *day of* **July, 2025**.

James Sisco,                                                                                                    Appellant,

 against                    Record No. 0240-25-4
                           Circuit Court No. CL-2020-16913

Elizabeth Holtzman, f/k/a
  Elizabeth Sisco,                                                                                          Appellee.


From the Circuit Court of Fairfax County

Before Judges Athey, Raphael and Senior Judge Petty


On June 9, 2025, appellant James Sisco filed an opening brief that contained assignments of error that differed from the preliminary designation of assignments of error that he filed on April 14. Sisco simultaneously moved for leave to amend his preliminary assignments of error, asserting that the amendments "are stylistic in nature and no substantive changes have been made." Appellee Elizabeth Holtzman has opposed the motion for leave to amend. She argues that at least one amendment is substantive, injecting an additional ground for claiming that the trial court wrongly forced Sisco to pay all her attorney fees. Holtzman says that permitting the amendment "would greatly prejudice" her.

Although the motion for leave to amend is granted, we emphasize that Sisco did not need leave to amend his preliminary assignments of error to include revised or additional assignments of error in his opening brief.

The Supreme Court amended several provisions in Part 5A of the Rules of the Supreme Court of Virginia, effective August 24, 2024, to permit an appellant to change the assignments of error from the ones initially designated. *See* Order (Va. June 21, 2024), https://perma.cc/HP8W-APLD. Under the revised version of Rule 5A:19(b)(1), "the appellant must file a preliminary statement of the assignments of error . . . within 15 days of the filing of the record." Any cross-error designated by the appellee in response is also

considered "preliminary." *Id.* The 2024 amendment makes the preliminary designation of assignments of error (and of any cross-error) "non-binding":

> In appeals of right, the "preliminary statement of the assignments of error" and "the preliminary statement of any additional assignments of error the appellee wishes to present" referenced in this Rule are non-binding, and are intended to assist the parties in designating the contents of the appendix and narrowing the issues in controversy.

Rule 5A:25(d). Thus, a party does not need leave of Court to include in that party's principal brief assignments of error (or cross-error) that differ from those in the preliminary designation. A party may also include in its principal brief "additional assignments" of error (or cross-error). Rule 5A:25(f).[1]

Once a party files its principal brief, however, the assignments of error (or cross-error) become fixed. Those assignments may not be substantively changed without leave of Court. Thus, "[a]ssignments of error listed in the opening brief of appellant are binding on the appellant for substantive purposes, unless the Court has granted a motion to amend." Rule 5A:20(c)(4). "Additional assignments of error listed in the brief of appellee or the brief of the guardian ad litem are binding on that party for substantive purposes, unless the Court has granted a motion to amend." Rule 5A:21(e)(3).[2]

The additional flexibility afforded by the 2024 amendment accommodates the reality that the parties and their counsel usually develop a clearer and deeper understanding of how best to frame the issues by the time each side's principal brief is due. By contrast, the preliminary designation of assignments of error and

---

[1] The Court expects the parties and counsel to act in good faith and to avoid gamesmanship when designating preliminary assignments of error and cross-error. Still, Rule 5A:25(f) provides a potential sanction for misconduct:

> To the extent a preliminary statement of assignments or additional assignments made in accordance with this Rule is so misleading or incomplete that the opposing party must supplement the appendix, the opposing party may seek leave and file a supplemental appendix to be filed no later than the date the party's next brief is due. The opposing party may seek costs associated with the misleading or incomplete designation and any required supplementation.

[2] If rehearing en banc is granted, "[t]he appellant may not change an assignment of error from the one assigned before the panel but may seek leave of Court to make technical corrections or non-substantive changes that do not prejudice the appellee." Rule 5A:35(b)(2).

-2-

cross-error occurs early in the appellate process "to assist the parties in designating the contents of the appendix"—if one is required, *see* Rule 5A:25(a)—and in "narrowing the issues in controversy," Rule 5A:25(d).

In short, the motion for leave to amend the assignments of error is granted. But Sisco did not need leave to amend his preliminary assignments of error to include revised or additional assignments of error in his opening brief.

We direct the Clerk to publish this order.

A Copy,

Teste:

A. John Vollino, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk